BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL
COUNTY v. LONG.

1. A general demurrer going to the whole answer, there being one good traverse to the cause of action stated in the complaint, should be overruled. The sufficiency of the complaint may be tested on a general demurrer to the answer.
2. The clerk of the district court is not entitled to compensation for furnishing jurors with a certificate showing attendance, nor for taking their affidavits as to such attendance under the statute.

*Error to District Court of Ouray County.*

THE facts are stated in the opinion.

Mr. ENOS MILES and Mr. WILLIAM STORY, for plaintiffs in error.

HELM, J.   Defendant in error, being clerk of the district court of Ouray county, brought this action against the county commissioners in the court below to recover fees from the county for taking and filing affidavits of jurors concerning their attendance upon court, and issuing certificates to them according to law. To the complaint plaintiffs in error filed an answer, and defendant in error attacked the same by general demurrer. This demurrer the court sustained, and the commissioners electing to stand by their answer, judgment was rendered for the full amount claimed.

This judgment must be reversed. The first count of the answer sufficiently denies the matters averred in the complaint. It makes a full and complete issue of fact for trial by the court. Even if the second count were bad, plaintiff's general demurrer should have been overruled. The issue of fact ought to have been tried by the introduction and consideration of evidence before a judgment was rendered thereon.

But a reversal must be allowed in this case for another

reason.   Plaintiff's general demurrer, though challenging the sufficiency of the answer, is upon request to be carried back to the first defective pleading; and in accordance with the demand of counsel for defendants below, we are bound upon this demurrer to test the sufficiency of the complaint.   The second question presented, therefore, is, did the complaint in this case itself state a cause of action?   The theory upon which the complaint was framed is, *first*, that the clerk is entitled to his regular fees for taking the affidavits of jurors concerning their attendance upon court, and also for issuing certificates to them stating the time of such attendance and the amount due therefor; *second*, that the county is liable for the payment to him of such fees.

But section 1922 of the General Statutes reads as follows:

"The clerk shall, *without fee*, furnish to each juror who shall attend at any term of court a certificate showing the number of days that such juror shall have attended at such term; and, upon presentation thereof to the county commissioners, they shall issue to such juror their warrant upon the county treasury for the payment of the *per diem* and mileage of such juror."

No construction of this statute is needed to show that the clerk is not entitled to compensation for making and delivering the certificates in question, as it is therein expressly declared that he shall do this act *without fee*.   If he could demand a fee for taking a juror's affidavit concerning his attendance, there is nothing in the law rendering the county liable therefor, and he would be compelled to collect the same from the juror himself. But we think the clear intent of the statute is that no compensation shall be charged for this service.   The sole purpose of taking the affidavit in question is to inform the clerk as to the number of days' pay for attendance the juror is entitled to demand from the county.   This is simply a prerequisite to the issuing of the certificate

mentioned, being deemed an essential part of the proceeding in connection therewith; and we think the words "without fee" apply also thereto. The judgment is reversed.

*Reversed.*